Daniel, J.
This was a writ of false judgment to the Superior Court of Henderson. The plaintiff assigned several errors; and the defendant replied, that in nothing assigned was there any error. The Court adjudged, that the judgment, which had been rendered by the Justice against the garnishee, Parker, should be reversed. The Judge does not inform us, on which of the errors assigned he reversed the judgment of the Justice. We must therefore examine the whole record and see if his Plonor’s judgment -was right. The first error assigned is, that
*403 there was no seal to the attachment or to the judgment. We know of no law, that requires a Justice of the Peace to seal an attachment or warrant in a civil cause or his-judgment thereon, and the practice has always been not to seal them. The second error assigned was, that there' was no conditional nor final judgment against the defendant in the attachment; and therefore none could, in law, have been rightfully entered against Parker, the garnishee. We have examined the proceedings returned into the Superior Court, and see that there were both a condition-al, and (after thirty days) a final, judgment rendered against the defendant in the attachment for $98. There' is therefore no error here. Thirdly, that there was no notice to the defendant in the attachment, nor advertise-ment in writing. We, think, that, on attachments of this kind, advertisement in writing is not necessary.- " The .Act (Rev. Stat. oh. 6, sec. 19,/ gives attachment against debtors residing abroad and^lso those who conceal them-' selves, and requires the Justice to direct advertisment for' thirty days, when the officer levies the attachment on the' goods and chattels, lands and tenements of any person or persons residing out of the county, in which such attach-ment is issued. This attachment recited that L.- Cagle (the defendant in it) “‘had absconded, or so- conceals bim.-self, that the ordinary process of law cannot be served on him.” The constable did not levy the attachment on any goods or lands of Cagle ; he was brought into-the magis--trate’s Court by summoning a garnishee. The words “ had absconded” in the attachment, do not shew that Cagle resided out of the county. The justice’s omitting to- make advertisement for thirty days, in this case, was not error. Fourth, error assigned, “no judgment against garnishee, for reason, not within thirty days or'without with notice.” We cannot make sense of this. If it is in»tended to be assigned for error, that no judgment had been rendered against the garnishee, we must say it is not true,for such judgment was rendered for $94,- on the day tho *404 garnishment was given in to the justice. Fifth error, “ Transferred by defendant in attachment, before notice of the attachment.” If we are to understand by this assignment of error, that the debt, due by the garnishee to the defendant in the attachment, was bona fide transferred by the defendant to another person and paid by the garnishee to that person, before he had notice of the attachment, we must say that there is nothing in the proceedings to shew that averment to be true. On the contrary the garnishee stated in his garnishment, that he owed that debt to Cagle. If it were true, he should have brought such a defence to the notice of the justice, in his garnishment, that Gilreath might have denied the fact, if he thought proper, and taken issue on it. This course was not taken by the garnishee, and it cannot now be heard. It is no good cause to reverse the judgment rendered against the garnishee. Sixth error assigned, “ The attachment was not returnable at any certain time or place.” We see that the officer was directed in the attachment to return it before the justice, who issued it, or some other justice of the county, within thirty days, Sundays excepted. This was agreeably to the Act of Assembly; and if the defendant had appeared, and offered to replevy, then the officer would, as in other warrants served, have given him notice of the time and place of trial.
We cannot see any legal ground, upon which the Superior Court could have reversed the judgment, which the magistrate gave in favor of Gilreath against Parker, the garnishee. We think, that the judgment of the Superior Court must be reversed, and that of the Justice affirmed.
Pep, Curiam, Judgment accordingly.